COMMONWEALTH *vs.* JOHN F. CORCORAN.

Suffolk. November 17, 1902. — January 8, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Evidence,* Admissions and confessions.

The fact that an officer to whom a confession was made gave the prisoner twenty-five cents and some pieces of tobacco, is no reason for excluding the confession, if the presiding judge found and was justified in finding that the gift was made some time after the confession and not before.

The mere fact that a defendant was under arrest when a confession was made is no ground for excluding it.

LATHROP, J. The indictment against the defendant contained eight counts. He was found guilty upon the first two counts, and not guilty upon the others. The first count charged breaking and entering a building with intent to steal, under the Pub. Sts. c. 203, § 15. The second count charged larceny in a building under the Pub. Sts. c. 203, § 16. The defendant was admitted to bail, and when his case was reached was not present, and a capias was issued on which he was arrested in Boston, taken to police headquarters there, and then taken to Cambridge.

At the trial the government offered the admissions made by the defendant to the officer who arrested him, whose name was Hurley. The counsel for the defendant asked that the jury be

excused, and that the court pass upon the preliminary question of the admission of the evidence. The judge excused the jury, and Hurley testified to a conversation with the defendant about a man named Harvey, who was supposed to be an accomplice of the defendant, and how the defendant escaped from prison; that at the time he arrested the defendant he found in his room certain articles which had been stolen, and that several other articles were missing, and the defendant told him where to go and get them. On cross-examination, the officer testified that he had given the defendant twenty-five cents and two pieces of tobacco, but we do not understand from the evidence that the money and tobacco were given as an inducement to the defendant to make the statements he made, for the officer was asked this question: "Don't you know you gave him twenty-five cents and the tobacco to make certain statements?" and his answer was: "I got them long before. He gave them to me the day he was arrested." The officer also, to the question: "Did you call to see him after he was in East Cambridge jail with reference to this indictment?" answered in the negative; and in answer to the question: "Will you swear that you did not call on him and give him money and tobacco to make statements?" said: "Yes, sir, I gave him two pieces of tobacco." The defendant testified that when he was arrested in Boston he was asked certain things and answered. He was then asked: "Did he give you anything?" and his answer was: "He gave me three pieces of tobacco and twenty-five cents."

The counsel for the defendant asked the judge to rule that the evidence be excluded for the reason that the evidence showed that the defendant was induced to make his confession by certain favors and gifts, and that it was not free and voluntary.

The judge said that he would exclude the evidence as to Harvey, but would admit evidence to show flight and secretion. To this the defendant excepted. The jury were then recalled, and Hurley testified that he arrested the defendant in Boston, and searched his room; that the defendant told him that he had been in New Hampshire, where he was arrested.

We see no ground of exception. On the preliminary question whether the confession was admissible, the judge was not bound

to believe the testimony of the defendant, and could well find that the gift of money and tobacco were made some time after the confession and not before. The mere fact that a person is under arrest when a confession is made is no ground for excluding evidence thereof. *Commonwealth* v. *Devaney, ante,* 33, and cases cited.

*Exceptions overruled.*

*J. L. Sheehan,* for the defendant.

*H. Bancroft,* Assistant District Attorney, for the Commonwealth.